IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CAMERON FINANCIAL GROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**MIDTOWNE MORTGAGE, INC.; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06-cv-00918-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion filed by Dorsey & Whitney LLP attorneys Milo Steven Marsden, Patricia C. Staible, and Jennie B. Garner (collectively, the "Dorsey attorneys") to withdraw as counsel of record for Cameron Financial Group, Inc. ("Cameron").[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions. *See* DUCivR 7-1(f).

For the reasons set forth in the motion, the court has concluded that the Dorsey attorneys have demonstrated good cause in support of their request to withdraw as counsel of record for Cameron. *See* DUCivR 83-1.4(a)(3)(iii) ("No attorney of record will be permitted to withdraw

---

[1] *See* docket no. 65.

[2] *See* docket no. 74.

after an action has been set for trial unless . . . the court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw."). In addition to establishing good cause in support of withdrawal, the Dorsey attorneys have also satisfied the requirements for withdrawing without Cameron's consent by (1) filing a motion to withdraw that was "served upon the client and all other parties or their attorneys" and (2) certifying that Cameron "has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions."  DUCivR 83-1.4(a)(2).

The Dorsey attorneys have established all of the necessary requirements for withdrawal under rule 83-1.4(a).  *See* DUCivR 83-1.4(a)(2), (a)(3)(iii).  Accordingly, their motion to withdraw as counsel of record for Cameron is **GRANTED**.

Because the court has permitted the Dorsey attorneys to withdraw, certain responsibilities are now imposed upon Cameron. Those responsibilities are set forth in rule 83-1.4(b), which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

DUCivR 83-1.4(b).

While rule 83-1.4(b) provides for a party to appear pro se, it is well settled under Tenth Circuit precedent that a corporate entity, such as Cameron, is not allowed to appear pro se. *See,*

*e.g.*, *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."). The same principle has been recognized by the United States Supreme Court. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . . ."); *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself.").

Based upon the foregoing, **IT IS HEREBY ORDERED** that the Dorsey attorneys shall be responsible for notifying Cameron of its obligations under rule 83-1.4(b). *See* DUCivR 83-1.4(b). **IT IS FURTHER ORDERED** that Cameron shall, within twenty (20) days of the date of this order, file a notice with the court naming its new counsel. *See id*. Said counsel shall then promptly file a formal notice of appearance in this case.

As a final matter, the court recognizes that motions filed by Defendant Alex Uribe ("Uribe")[3] and Defendants Frank A. Kane III and Heritage Residential Appraisal, Inc. (collectively, the "Kane Defendants")[4] are currently pending. While Cameron failed to file memoranda in opposition to those motions within the time allowed for doing so, the circumstances described in the Dorsey attorneys' motion to withdraw provide an explanation for that failure. Based upon those circumstances, the court has determined that it is appropriate to defer its consideration of Uribe's and the Kane Defendants' pending motions until after the above-referenced twenty-day period has expired. Accordingly, the Kane Defendants' request for a ruling on their pending motions[5] is **DENIED** at this time.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2008.

BY THE COURT:

_(signature)_

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket nos. 62, 66.

[4] *See* docket nos. 68, 72.

[5] *See* docket nos. 76, 77.